In the United States District Court
For the Western District of Kentucky
Louisville Division

| | | | |
|---|---|---|---|
| **TESSA D. PUCKETT** | :: | | |
|    Plaintiff | | Civil Action No: | 3:20-cv-168-GNS |
| | :: | | |
|  vs. | | Judge | Chief Judge Greg N. Stivers |
| | :: | | |
| **CRAVEN CARS, INC.** | | | |
| c/o Kenneth Steve Craven | :: | U.S. Mag. Judge | |
| 3999 Crittenden Dr. | | | |
| Louisville, Ky. 40209 | :: | | |
| | | | |
| and | :: | | |
| | | | |
| **KENNETH STEVE CRAVEN** | :: | | |
| 3999 Crittenden Dr. | | | |
| Louisville, Ky. 40209 | :: | | |
| | | | |
| and | :: | | |
| | | | |
| **COMMONWEALTH CREDIT** | :: | | |
| **UNION, INC., fnka LouChem FCU** | | | |
| c/o Karen Harbin | :: | | |
| 417 High St. | | | |
| Frankfort, Ky. 40601 | :: | | |
|     **Defendants** | | | |

---

**Complaint for Civil Damages for Violation of Federal & State Odometer Law, Ky Consumer Protection Act; Civil Fraud; Attorney Fees
& Demand for Jury Trial**

---

**Introduction**

    1. This is an action for damages and other relief which arises from Defendants' giving false and inaccurate disclosure of the mileage on a vehicle's odometer at the time

of its sale and/or the tampering with its odometer in violation of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32701, et seq., the Ky Motor Vehicle Sales Act, K.R.S. §190.260, et seq. as well as for deceptive, unfair and unconscionable sales practices under the Ky Consumer Protection Act and for common law fraud and misrepresentation.

## Parties

2. Plaintiff, Tessa D. Puckett (hereinafter referred to as "Puckett" or "Plaintiff") is a resident of Jefferson County, Ky and an "individual", "person" and "transferee" as defined in 49 U.S.C. §32701, et seq. and K.R.S. §190.010(2) a "person" as defined in K.R.S. §367.110(1) under the Ky Consumer Protection Act and a "consumer" as in 15 U.S.C. §1602(I).

3. Defendant, Craven Cars, Inc. (hereinafter referred to as "Craven" or collectively as "Defendants") is a corporate entity which conducts a used car business at 3999 Crittenden Dr., in Jefferson County, Ky. and a "dealer" and a "distributor" within the meaning of 49 U.S.C. § 32702 (2) and (3), and a "motor vehicle dealer" as it is defined at K.R.S. §367.110(2) which, at all times referenced herein, dealt with and made both written and oral representations concerning the condition of the vehicle which were either false and/or where it concealed certain material information concerning the vehicle.

4. Defendant, Kenneth Steven Craven, is listed as the owner and President of the Defendant Craven Cars, Inc. who conducts a used car business at 3999 Crittenden Dr., in Jefferson County, Ky. and who is a "dealer" and a "distributor" within the meaning of 49 U.S.C. § 32702 (2) and (3), and a "motor vehicle dealer" as it is defined at K.R.S. §367.110(2) who at all times referenced herein, although functioning superficially as a corporate entity, had full and complete control of its daily operations so as to make the corporate entity his alter ego.

5. Defendant, Commonwealth Credit Union, fkna or operating as LouChem Federal Credit Union, is a financial institution operating with offices throughout the Commonwealth with main offices located at 417 High St. Frankfort, Ky, 40601 which makes loans to consumers in order to finance motor vehicle sales and, by law and agreement, is subject to all claims and defenses which the Plaintiff can assert against the Defendant sellers as alleged herein.

### General Factual Allegations

6. Upon information and belief the Defendants acquired a 2008 Dodge Ram 2500 Laramie [hereinafter the "subject vehicle"] on or about February 6, 2018 either from an auto auction or taken in trade. At the time of it's acquisition, unknown to the Plaintiff, the title indicated that it had 193,155 actual miles on its odometer as registered with the Kentucky Transportation Cabinet and/or on current title documents.

7. Defendants maintain a Facebook Page on which they advertised the subject vehicle on March 1, 2018 as having 180,000 miles on its odometer.

8. Plaintiff's brother, Michael Puckett, observed the subject vehicle and wished to purchase it. However, he needed a co-signer in order to finance the purchase. Consequently, he contacted the Plaintiff, Tessa D Puckett, his sister, who agreed to do same.

9. Consequently, Defendants sold the subject vehicle to the Plaintiff which was registered in her name. On the Bill of Sale Defendants disclosed that the subject vehicle had 183,201 on its odometer.

10. Additionally, in connection with the sale Defendants sold a "Power Train Service Contract" issued through an entity known as "Cars Protection Plus" in which they represented to that entity and to Plaintiff that the vehicle had 181,602 on its odometer at the time of the sale. The contract provided protection for 6 months or 7500 miles

whichever came first.

11. Defendants then arranged to have the sale of the subject vehicle financed through the LouChem Federal Credit Union. Subsequently, LouChem has been purchased by the Defendant, Commonwealth Credit Union who, by law and agreement, became subject to all claims and defenses which the Plaintiff could assert herein against the Defendant sellers.

12. On or about August 5, 2019 Plaintiff obtained an AutoCheck report through Experian and discovered that the mileage disclosed by the Defendants at the time of the sale was not accurate and that the true mileage exceeded the amount disclosed by the Defendant sellers by more than 10,000 miles.

## Claim One
### [Federal Odometer Act]

### Jurisdiction

13. Plaintiff seeks damages under 49 U.S.C. §32701, et seq. ("Motor Vehicle Information & Cost Savings Act"-hereinafter the "Act").

14. This Court has jurisdiction under the Act, at 49 U.S.C. §32710 and 28 U.S.C.§ 1331.

15. Venue is proper in both this district as all the acts complained of took place in this division of the Court.

### Legal Allegations

16. Plaintiff hereby fully incorporates the allegations of paragraphs 6-12 as if fully rewritten herein.

17. Defendants actually knew that at the time of the sale of the subject vehicle that mileage represented in connection with its sale of the vehicle was not the actual

miles.

18. Defendants violated the federal Odometer Act by failing to make appropriate disclosures and by giving false statements representations in transferring the vehicle, in violation of 49 U.S.C. §32705(a)(1)(A)&(B).

19. Defendants further conspired with one another to violate the federal Odometer Act, in violation of 49 U.S.C. §32705(a)(1)(A)&(B).

20. Defendants violated the federal Odometer Act with intent to defraud.

### Claim Two
### [Ky Odometer Act]

### Jurisdiction

21. This claim is made pursuant to the *Ky Motor Vehicle Sales Act,* K.R.S. §190.260, et seq. [hereinafter the "Act"].

22. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the principal federal claim.

### Legal Allegations

23. Plaintiffs hereby fully incorporate the allegations of paragraphs 6-12 as if fully rewritten herein.

24. Defendants actually knew that at the time of the sale the mileage on the vehicle were not the actual miles.

25. Defendants violated the Act by failing to make appropriate disclosures and by giving false statements in transferring the vehicle, in violation of K.R.S. §190.270.

26. Defendants violated the Act with intent to defraud.

## Claim Three
### [deceptive & Unconscionable sales practices]

### Jurisdiction

27. This claim is made pursuant to the ***Ky Consumer Protection Act,*** K.R.S. 367.110, et seq. [hereinafter referred to as the "Act"].

28. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

29. The parties are the same as those alleged in claims one and two.

30. Plaintiff, Tessa D. Puckett is a "person" as defined in the "Act" at K.R.S. §367.110(1) as well as a "consumer."

31. The Defendants are "suppliers" and "sellers" engaged in the sale of used motor vehicles to consumers like the Plaintiff.

### Legal Allegations

32. Plaintiffs hereby incorporate each and every allegation of paragraphs 6-12 as if fully rewritten herein.

33. On or about March 5, 2018 the parties entered into a "consumer transaction" for the sale and purchase of a motor vehicle, namely a 2008 Dodge Ram 2500 Laramie [hereinafter the "subject vehicle"].

34. In connection with the sale of the subject vehicle Defendants engaged in a number of unlawful acts which may be considered unfair, false, deceptive, misleading and unconscionable pursuant to K.R.S §367.170.

35. Defendants falsely represented the mileage on the subject vehicle's odometer at the time of the sale by understating them in excess of ten thousand miles.

36. Defendants then sold the Plaintiff a service contract on the subject vehicle which it included in the cost of the vehicle which supposedly provided Plaintiff with "protection" for six months or 7500 whichever event came first.

37. The 7500 miles had already expired at the time of the sale due the false representation by Defendants of the number of miles on the odometer.

38. Without limiting the scope and number of any violations committed, Defendants' conduct as described herein constituted certain unfair, deceptive and unconscionable sales practices as follows:

39. By falsely representing that the subject of a consumer transaction had characteristics that it did not have.

40. By falsely representing that the subject of a consumer transaction was of a particular standard when it was not.

41. By knowingly taking advantage of Plaintiff's inability to protect herself.

42. By knowing in advance of the sale to the Plaintiff of her inability to receive a substantial benefit from the subject of the consumer transaction.

43. By knowingly requiring the Plaintiff to enter into a transaction on terms that were substantially one-sided in favor of Defendants.

44. By knowingly making statements of opinion on which the Plaintiff was likely to rely to her detriment.

## Claim Four
### [Civil Fraud & Deceit]

### Jurisdiction

45. This claim is made pursuant to common law civil fraud and deceit.

46. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

47. The parties are the same as those alleged in claims one, two and three.

### Legal Allegations

48. Plaintiff hereby incorporates each and every allegation of paragraphs 6-12 of claims one, two and three as if fully rewritten herein.

49. Defendants induced Plaintiff to purchase the subject vehicle in question by misrepresentation of many material facts.

50. Defendants clearly knew such representations to be false, or made recklessly, or Defendants had no reasonable grounds for believing those representations to be true.

51. Defendants intended to deceive the Plaintiff and intended that the Plaintiff rely upon their representations, which she did, to her detriment, suffering greatly thereby.

52. Plaintiff is entitled to monetary damages in an amount to be proven at trial, and punitive damages should also be awarded against Defendants.

### **Prayer for Relief**

**WHEREFORE**, Plaintiffs pray that this Honorable Court:

A. Award statutory damages for violation of the federal Odometer Act;

B. Award statutory damages for violation of the Ky Odometer Act;

C. Award actual and punitive damages for violation of the Ky Consumer Protection Act;

D. Award monetary damages and punitive damages in an amount to be proven at trial for Defendants' fraudulent conduct;

E. Award reasonable attorney's fees and costs;

F. For a trial by jury on all appropriate issues; and,

G. Grant such other relief as it deems just and proper.

Respectfully submitted by:

/s/Steven C. Shane
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net